1 | DAVID S. STEUER, CA Bar No. 127059
dsteuer@wsgr.com
2 | MICHAEL B. LEVIN, CA Bar No. 172329
mlevin@wsgr.com
3 | MATTHEW R. REED, CA Bar No. 196305
mreed@wsgr.com
4 | MAURA L. REES, CA Bar No. 191698
mrees@wsgr.com
5 | WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
6 | 650 Page Mill Road
Palo Alto, CA 94304-1050
7 | Telephone: (650) 493-9300
Facsimile: (650) 565-5100

JOSE C. VILLARREAL
(*pro hac vice* pending)
jvillarreal@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
Telephone: (512) 338-5400
Facsimile: (512) 338-5499

LUCY YEN, CA Bar No. 224559
lyen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (512) 999-5899

*Attorneys for Plaintiffs*
*InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| INTERDIGITAL TECHNOLOGY CORPORATION, IPR LICENSING, INC., AND INTERDIGITAL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>PEGATRON CORPORATION,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE AND EQUITABLE RELIEF AND TO COMPEL ARBITRATION**<br><br>**JURY TRIAL DEMANDED** |

**PUBLIC – REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**ORIGINAL COMPLAINT**

InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital, Inc. (collectively, "InterDigital" or "Plaintiffs"), through their undersigned counsel, bring this action against Pegatron Corporation ("Pegatron" or "Defendant"). In support of this Complaint, InterDigital alleges as follows:

**SUMMARY OF THE CASE**

1. InterDigital develops fundamental wireless technologies that are at the core of mobile devices, networks, and services worldwide.

2. InterDigital Technology Corporation and IPR Licensing, Inc. entered into a binding contract with Pegatron ▮▮▮. The contract is a ▮ Patent License Agreement ("PLA," attached hereto as Exhibit 1), under which InterDigital granted Pegatron and its affiliates a worldwide license to a large portfolio of patents ▮▮▮.[1] ▮, a dispute arose between InterDigital and Pegatron ▮▮▮ When the parties were unable to resolve the dispute informally, InterDigital submitted the ▮▮▮ of the PLA. In April 2013, the arbitration panel found in favor of InterDigital ▮▮▮ The arbitration award was confirmed by this Court on June 24, 2013.

3. Despite the prior arbitration award and ignoring the ▮▮▮, Pegatron filed a new lawsuit in Taiwan Intellectual Property Court, styled *Pegatron Corporation v. InterDigital Technology Corporation, IPR Licensing, Inc., & InterDigital, Inc.*, 104-Min-Pu-Tze-No. 17 ("Taiwan

---

[1] One of the parties to the PLA, Tantivy Communications, Inc. ("Tantivy"), was merged into plaintiff IPR Licensing, Inc. in December 2010, with IPR Licensing, Inc. remaining as the surviving entity.

1  Action")—without notice to InterDigital—seeking, among other things, ▮▮▮▮
2  ▮▮▮▮. ("Taiwan Complaint," attached hereto as Exhibit 2).[2]
3  InterDigital, Inc. was the only InterDigital entity to receive a copy of the complaint, and it did
4  not receive it until ▮▮▮.[3] Pegatron's Taiwan Complaint raises issues related to the
5  prior arbitration and its filing is ▮▮▮▮
6  ▮▮▮▮.[4]

7      4.    InterDigital seeks an anti-suit injunction and equitable relief against Pegatron,
8  enjoining Pegatron from prosecuting the Taiwan Action, and compelling Pegatron to specifically
9  perform and comply with the ▮▮▮▮
10 ▮

## THE PARTIES

12      5.    Plaintiff InterDigital Technology Corporation is a Delaware corporation, having
13  its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, Delaware
14  19809.

15      6.    Plaintiff IPR Licensing, Inc. is a Delaware corporation, having its principal place
16  of business at 200 Bellevue Parkway, Suite 300, Wilmington, Delaware 19809.

---

[2] Exhibit 2 is an English Translation of the Taiwan Complaint by Pegatron's counsel Lee and Li. Exhibit 3 is the nontranslated Chinese version of the Taiwan Complaint.

[3] As of the date of this complaint, InterDigital Technology Corporation and IPR Licensing Inc. have not been provided with a copy of the Taiwan Complaint.

[4] InterDigital Technology and IPR Licensing are subsidiaries of InterDigital, Inc. While InterDigital, Inc. was not a signatory to the PLA, the Taiwan Complaint treats InterDigital, Inc. as if it was a signatory and seeks relief from InterDigital, Inc. based on provisions of the PLA. Thus, under the doctrine of equitable estoppel, InterDigital, Inc. at its discretion may invoke the PLA's arbitration clause. *See, e.g., Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P.*, 906 A.2d 168, 218 n.155 (Del. Ch. 2006) ("'One of the primary justifications for estopping a signatory from denying a non-signatory a right to arbitrate is that it is unfair for the signatory to have it both ways by attributing to a non-signatory the duties of a contract signatory for purposes of pressing claims but denying the non-signatory the right to invoke the arbitration clause.'") (quoting *Ishimaru v. Fung*, No. Civ.A. 929, 2005 WL 2899680, at *18 (Del. Ch. Oct. 26, 2005)); *Compucom Sys. v. Getronics Fin. Holdings B.V.*, No. 09-173-SLR, 2012 U.S. Dist. LEXIS 148319, at *10 (D. Del. Oct. 16, 2012) (same); *see also In re Carrier IQ, Inc. Consumer Privacy Litig.*, No. C-12-md-2330 EMC, 2014 U.S. Dist. LEXIS 42624, at *33 (N.D. Cal. Mar. 28, 2014) ("state law . . . determines the applicability of equitable estoppel in the arbitration context") (footnote and citation omitted); PLA § 6.10 (Delaware is governing law).

7. Plaintiff InterDigital, Inc. is a Pennsylvania corporation, having its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, Delaware 19809.

8. On information and belief, Defendant Pegatron is a corporation existing under the laws of Taiwan and having its principal place of business 5F, No. 76, Ligong Street, Beitou District, Taipei 112, Taiwan, R.O.C. Pegatron develops and manufactures various wireless communication devices, including certain smartphones for Apple, Inc., such as the iPhone 6.

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because (i) Plaintiffs are incorporated in Delaware and Pennsylvania, and Pegatron has its principal place of business in Taiwan, and (ii) the value of declaratory and injunctive relief sought, the value of InterDigital's rights this action will protect and enforce, and the extent of the injury to be prevented, exceed the amount of $75,000, exclusive of costs and interest. *See* 28 U.S.C. §§ 1332(a)(2).

10. This Court has personal jurisdiction over defendant Pegatron because Pegatron consented to personal jurisdiction of and venue in this District pursuant to Section 6.10 of the PLA, under which the parties consented to personal jurisdiction and venue of the state and federal courts in the San Jose Division of the United States District Court for the Northern District of California.

11. Venue is proper in this District pursuant to Section 6.10 of the PLA, under which the parties consented to the venue of the state and federal courts in the San Jose Division of the United States District Court for the Northern District of California.

12. This action should be assigned to the San Jose Division pursuant to the forum selection clause in Section 6.10 of the PLA.

## THE PLA'S DISPUTE RESOLUTION PROCEDURES

13. Section 5.1 ███████████████████ provides that, in the event a dispute arises under the PLA, ███████████████████

-3-

1
2
3        *Id.*
4        14.     Section 5.2 ▮▮▮ provides that if a ▮▮▮
5
6
7
8
9
10   PLA § 5.2.
11       15.     Section 6.10 ("Governing Law/Venue") provides that ▮▮▮
12
13
14                                                                              PLA § 6.10.
15       16.     The PLA explicitly ▮▮▮
16
17       PLA § 5.2(h).
18                                    **FACTUAL ALLEGATIONS**
19       17.     In 2008, InterDigital and Pegatron entered into a PLA, which granted Pegatron
20   and its affiliates a worldwide license to a large portfolio of patents relating to various
21   technologies including ▮▮▮. The PLA provides
22   that ▮▮▮ governs the validity and interpretation of the PLA.
23       18.     In ▮▮▮, a dispute arose between the parties ▮▮▮
24
25
26   ▮▮▮ The parties were unable to resolve the dispute informally and the parties
27   then ▮▮▮
28

1      19.     The arbitration moved forward, ████████████████████████████
██████████████████████████████████  The panel issued its final award in favor of InterDigital in April 2013.  The arbitration award was confirmed by the Honorable Edward Davila of this Court on June 24, 2013, in Case No. 13-mc-80087-EJD.

       20.     On February 3, 2015, Pegatron filed a new lawsuit in Taiwan—without first providing a notice of dispute to InterDigital.

       21.     On ████████████████████████████████████████████████████████
████████████████████████████ (attached as Exhibit 4). ████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

       22.     On ████████, InterDigital, Inc. was provided with a copy of the complaint Pegatron had filed in the Taiwan Action, where Pegatron alleges the PLA violates the Taiwan Fair Trade Act ("TFTA") and Taiwan's Civil Code, and seeks, among other things, ████
████████████████████████████████████████.[5]

       23.     On ████████, InterDigital provided a Dispute Notice to Pegatron concerning Pegatron's claims in the Taiwan Action (attached as Exhibit 5).  InterDigital requested that Pegatron ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

       24.     ████████████████████████████████████████████████████████████
████████████████████████████████████████████ demonstrates its knowledge and understanding that it is obligated to comply with the dispute resolution and arbitration provisions of the PLA.

       25.     Pegatron's filing of the Taiwan Action despite its knowledge and understanding of its obligation to comply with the dispute resolution and arbitration provisions of the PLA

---

[5] As of the date of this complaint, InterDigital Technology Corporation and IPR Licensing Inc. have not been provided with a copy of the complaint in the Taiwan Action.

1  constitute an actual and anticipatory breach of Pegatron's obligations under those provisions,
2  including Pegatron's obligation to arbitrate all claims arising under the PLA.

3  26. On ████████, InterDigital filed a new demand for arbitration with the AAA
4  seeking arbitration of the parties' disputes before a panel of three arbitrators in Washington, D.C.
5  (the "Second Arbitration Demand," attached hereto as Exhibit 6).

## COUNT I

### (Breach of Contract: Temporary Restraining Order
### and Preliminary and Permanent Anti-Suit Injunction)

27. InterDigital repeats, realleges, and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

28. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Accordingly, Pegatron's claims in the Taiwan Action are subject ████████████████████████ set forth in Sections 5.1 and 5.2 of the PLA. To the extent that Pegatron asserts claims that may not properly ████████████████ ████████████████████████████████████████████████████████████ of Section 6.10 of the PLA requiring that those claims ████████████████████████████████████████████████ ██████.

29. Pegatron's filing and continued prosecution of the Taiwan Action represents a continuing breach of the requirements of Sections 5.1, 5.2, and 6.10 of the PLA.

30. An anti-suit injunction should issue to enjoin Pegatron and all of its affiliates, officers, directors, shareholders, and employees, whether acting directly or indirectly, in the United States or abroad, from prosecuting the Taiwan Action or initiating or prosecuting any other action against InterDigital except in compliance with its obligations under the PLA, including without limitation, its obligations under Sections 5.1, 5.2, and 6.10 of the PLA.

31. In the absence of such injunctive relief, InterDigital will be irreparably harmed because it will be deprived of the benefits of its bargain and face the possibility of an adverse judgment from a tribunal to which the parties to the PLA did not agree to submit their disputes, and the possibility of inconsistent results in the Taiwan Action and the arbitration initiated by InterDigital's Second Arbitration Demand.

32. There can be no harm to Pegatron once enjoined from prosecuting the Taiwan Action because Pegatron contractually agreed to the ▮▮▮▮▮ procedures of Sections 5.1 and 5.2 of the PLA and the ▮▮▮▮▮ provisions of Section 6.10 of the PLA after arms-length negotiations.

33. Under the circumstances presented here and pursuant to Section 6.10 of the PLA, the ▮▮▮▮▮ to enforce Pegatron's compliance with Sections 5.1, 5.2, and 6.10 of the PLA.

34. InterDigital is without an adequate remedy at law.

## COUNT II

### (Breach of Contract: Specific Performance)

35. InterDigital repeats, realleges, and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

36. Sections 5.1 and 5.2 of the PLA set forth specific procedures for initiating and resolving disputes arising under the PLA, and Section 6.10 sets forth ▮▮▮▮▮ for resolving any disputes not covered by Sections 5.1 and 5.2.

37. Pegatron's filing and continued prosecution of the Taiwan Action represents a continuing breach of the requirements of Sections 5.1, 5.2, and 6.10 of the PLA.

38. InterDigital is without an adequate remedy at law.

39. InterDigital is entitled to an order from this Court compelling Pegatron to specifically perform its obligations under the PLA, including in particular the obligation to resolve disputes with InterDigital arising under the PLA in conformity with, without limitation, Pegatron's obligations under Sections 5.1, 5.2, and 6.10 of the PLA.

## COUNT III

1  **(Compel Arbitration)**

2  40.   InterDigital repeats, realleges, and incorporates each and every allegation of the
3  foregoing paragraphs, as though fully set forth in this cause of action.

4  41.   Section 5.2 of the PLA ████████████████████████████
5  ████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████
10 ████████████████████████████████████

11 ████ Pegatron alleges in the Taiwan Action that, among other things, ████
12 ████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████
19 ████████████████████████████████████

20 43.   On ████████ following Pegatron's filing of the Taiwan Complaint in breach
21 of the PLA, including Pegatron's obligation under the PLA ████████████
22 ████████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████████

24 44.   In response, ████████████████████████████████████
25 ████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████

27 45.   Because Pegatron failed to withdraw the Taiwan Action or agree to pursue the
28 ████████████████, InterDigital initiated arbitration on ████████

-8-

46.     The ▮▮▮▮▮▮▮▮▮▮▮ set forth in Section 5.2 of the PLA is enforceable by the Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. § 200 *et seq.*, which obligates the Court, upon petition, to enter an order directing that arbitration proceed in the manner provided for in the arbitration agreement. *See* 9 U.S.C. § 4, § 206.

47.     InterDigital is entitled to an order from this Court compelling Pegatron to arbitrate its disputes filed in the Taiwan Action ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of the PLA.

**PRAYER FOR RELIEF**

WHEREFORE, InterDigital prays for the following:

(a)     A temporary restraining order barring Pegatron and all of its affiliates, officers, and directors, whether acting directly or indirectly, in the United States or abroad, from prosecuting the Taiwan Action or initiating or prosecuting any other action except in compliance with its obligations under the PLA, including and without limitation, its obligations under Sections 5.1, 5.2, and 6.10 of the PLA, and ordering Pegatron to immediately seek a stay of the Taiwan Action;

(b)     A preliminary anti-suit injunction barring Pegatron and all of its affiliates, officers, and directors, whether acting directly or indirectly, in the United States or abroad, from prosecuting the Taiwan Action or initiating or prosecuting any other action except in compliance with its obligations under the PLA, including and without limitation, its obligations under Sections 5.1, 5.2, and 6.10 of the PLA and ordering Pegatron to withdraw the Taiwan Action;

(c)     A permanent anti-suit injunction barring Pegatron and all of its affiliates, officers, and directors, whether acting directly or indirectly, in the United States or abroad, from prosecuting the Taiwan Action or initiating or prosecuting any other action except in compliance with its obligations under the PLA, including and without limitation, its obligations under Sections 5.1, 5.2, and 6.10 of the PLA and ordering Pegatron to withdraw the Taiwan Action;

(d)     An order compelling specific performance under the PLA, including in particular the obligation to resolve disputes arising under the PLA in conformity with, without limitation, Sections 5.1, 5.2, and 6.10 of the PLA;

| | | |
|---|---|---|
| 1 | (e) | An order compelling arbitration in accordance with Section 5.2 of the PLA; |
| 2 | (f) | An order awarding Plaintiffs the amount of damages proven at trial |
| 3 | (g) | An order awarding interest, attorneys' fees, and costs; and |
| 4 | (h) | Such other relief as the Court deems just and proper. |

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**

Dated: June_9, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ David S. Steuer
David S. Steuer

*Attorney for Plaintiffs InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital, Inc.*

-10-
INTERDIGITAL TECHNOLOGY CORPORATION,
IPR LICENSING, INC., AND INTERDIGITAL, INC.'S COMPLAINT

# Exhibits 1-6

# REDACTED IN THEIR ENTIRETY