UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERDIGITAL TECHNOLOGY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PEGATRON CORPORATION,<br><br>Defendant. | Case No. 15-CV-02584-LHK<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 10, 32, 35 |

Before the Court are three administrative sealing motions (ECF Nos. 10, 32, and 35) which were filed in connection with Plaintiffs' Ex Parte Application for (1) Temporary Restraining Order and (2) Order to Show Cause Regarding Preliminary Injunction (ECF No. 12), Defendant's Opposition thereto (ECF No. 33), and Plaintiffs' Reply (ECF No. 36).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of

overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79.  Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*  This Court, and others in this district, have applied the "compelling reasons" standard in deciding parties' requests to seal materials submitted in connection with motions for preliminary injunction.  *See, e.g.*, *Apple, Inc. v. Samsung Electronics Co.*, No. 12-CV-630-LHK, 2012 WL 2936432 (N.D. Cal. July 18, 2012); *see also Wells Fargo and Co. v. ABD Ins. & Fin. Servs.*, No. 12-CV-3856-PJH, 2013 WL 897914 (N.D. Cal. March 8, 2013).

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5.  Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b).  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

With these standards in mind, the Court rules on the instant motions as follows:

| **Motion to Seal** | **ECF No.** | **Document to be Sealed** | **Ruling** |
|---|---|---|---|
| 10 | 10-2 | Exhibit A to the Strandness Declaration, Wireless Patent License Agreement. | DENIED WITHOUT PREJUDICE because the request is not "narrowly tailored."  Civ. L.R. 79-5(b). |

| Motion to Seal | ECF No. | Document to be Sealed | Ruling |
|---|---|---|---|
| 10 | 10-3 | Exhibit B to the Strandness Declaration, InterDigital's Petition for Order Confirming Arbitration Award. | DENIED WITH PREJUDICE as to the proposed redactions at 2:22-23 and 3:20-24 because the material is not sealable; otherwise GRANTED. |
| 10 | 10-6 | Exhibit E to the Strandness Declaration, English-translated version of Pegatron's February 3, 2015 Civil Complaint. | DENIED WITHOUT PREJUDICE because the request is not "narrowly tailored." Civ. L.R. 79-5(b). |
| 10 | 10-7 | Exhibit F to the Strandness Declaration, non-translated version of Pegatron's February 3, 2015 Civil Complaint. | DENIED WITHOUT PREJUDICE because the request is not "narrowly tailored." Civ. L.R. 79-5(b). |
| 10 | 10-8 | Exhibit G to the Strandness Declaration, letter from M. MacNichol to L. Chao. | DENIED WITH PREJUDICE because the document is not sealable. |
| 10 | 10-9 | Exhibit H to the Strandness Declaration, letter from D. Huang to M. MacNichol. | DENIED WITH PREJUDICE because the document is not sealable. |
| 10 | 10-10 | Exhibit I to the Strandness Declaration, letter from C. Henry to L. Chao. | DENIED WITH PREJUDICE because the document is not sealable. |
| 10 | 10-11 | Exhibit J to the Strandness Declaration, letter from D. Huang to C. Henry. | DENIED WITH PREJUDICE because the document is not sealable. |
| 10 | 10-12 | Exhibit K to the Strandness Declaration, InterDigital's Statement of Claim. | DENIED WITHOUT PREJUDICE because the request is not "narrowly tailored." Civ. L.R. 79-5(b). |
| 10 | 10-13 | Exhibit L to the Strandness Declaration, Henry Declaration. | GRANTED as to the proposed redactions to paragraphs 7, 10, and 15; otherwise DENIED WITH PREJUDICE because the material is not sealable. |
| 10 | 10-15 | Exhibit N to the Strandness Declaration, Plaintiff's Complaint. | GRANTED as to the proposed redactions at 1:14-15, 1:18-20, and 4:23-26; otherwise DENIED WITH PREJUDICE because the material is not sealable. |
| 10 | 10-17 | Exhibit P to the Strandness Declaration, final Arbitration Award. | DENIED WITHOUT PREJUDICE because the request is not "narrowly tailored." Civ. L.R. 79-5(b). |
| 10 | 10-18 | Exhibit Q to the Strandness Declaration, InterDigital's Memorandum ISO *Ex Parte* Application. | GRANTED as to the proposed redactions at 1:19-20, 1:22-24, 4:2-3, 5:12-15, 5:27, and 6:1-5; otherwise DENIED WITH PREJUDICE because the material is not sealable. |

3

Case No. 15-CV-02584-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| Motion to Seal | ECF No. | Document to be Sealed | Ruling |
|---|---|---|---|
| 32 | 32-4 | Pegatron's Opposition to InterDigital's *Ex Parte* Application. | DENIED WITH PREJUDICE because the material is not sealable. |
| 32 | 32-6 | Declaration of L. Chao. | DENIED WITH PREJUDICE because the material is not sealable. |
| 32 | 32-8 | Declaration of H. Huang. | DENIED WITH PREJUDICE because the material is not sealable. |
| 35 | 35-3 | Exhibit A to Yoo Declaration, Declaration of J. Schultz. | DENIED WITH PREJUDICE because the material is not sealable. |
| 35 | 35-5 | Exhibit C to Yoo Declaration, InterDigital's Reply ISO *Ex Parte* Application. | DENIED WITH PREJUDICE because the material is not sealable. |

If the parties wish to file any renewed motions to seal consistent with this Order, the parties must do so within seven (7) days. For the motions denied with prejudice, the submitting party must file an unredacted version of the document within seven (7) days.

**IT IS SO ORDERED.**

Dated: June 29, 2015

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 15-CV-02584-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL