UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERDIGITAL TECHNOLOGY CORPORATION, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PEGATRON CORPORATION,<br><br>  Defendant. | Case No. 15-CV-02584-LHK<br><br>**ORDER GRANTING PLAINTIFFS' RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Re: Dkt. No. 47 |

In connection with the parties' briefing on Plaintiffs' Ex Parte Application for (1) Temporary Restraining Order and (2) Order to Show Cause Regarding Preliminary Injunction (ECF No. 12), the parties filed three administrative sealing motions (ECF Nos. 10, 32, and 35). On June 29, 2015, this Court granted-in-part and denied-in-part ECF No. 10, and otherwise denied with prejudice ECF Nos. 32 and 35. ECF No. 41. The Court further ordered that "[i]f the parties wish to file any renewed motions to seal consistent with this Order, the parties must do so within seven (7) days." *Id.* at 4.

Before the Court is Plaintiffs' renewed administrative motion to file documents under seal. ECF No. 47.

1

Case No. 15-CV-02584-LHK
ORDER GRANTING PLAINTIFFS' RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* This Court, and others in this district, have applied the "compelling reasons" standard in deciding parties' requests to seal materials submitted in connection with motions for preliminary injunction. *See, e.g.*, *Apple, Inc. v. Samsung Electronics Co.*, No. 12-CV-630-LHK, 2012 WL 2936432 (N.D. Cal. July 18, 2012); *see also Wells Fargo and Co. v. ABD Ins. & Fin. Servs.*, No. 12-CV-3856-PJH, 2013 WL 897914 (N.D. Cal. March 8, 2013).

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format

each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

With these standards in mind, the Court rules on the instant motion as follows:

| Motion to Seal | ECF No. | Document to be Sealed | Ruling |
|---|---|---|---|
| 47 | 47-3 | Exhibit A to the Henry Declaration, Wireless Patent License Agreement, previously filed at ECF No. 10-2. | GRANTED |
| 47 | 47-4 | Exhibit E to the Henry Declaration, English-translated version of Pegatron's February 3, 2015 Civil Complaint, previously filed at ECF No. 10-6. | GRANTED |
| 47 | 47-5 | Exhibit F to the Henry Declaration, non-translated version of Pegatron's February 3, 2015 Civil Complaint, previously filed at ECF No. 10-7. | GRANTED |
| 47 | 47-6 | Exhibit K to the Henry Declaration, InterDigital's Statement of Claim, previously filed at ECF No. 10-12. | GRANTED |
| 47 | 47-7, 47-8 | Exhibit B to the Strandness Declaration, final Arbitration Award, previously filed at ECF No. 10-17. | GRANTED |

**IT IS SO ORDERED.**

Dated: July 7, 2015

_____
LUCY H. KOH
United States District Judge

3
Case No. 15-CV-02584-LHK
ORDER GRANTING PLAINTIFFS' RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL